## WILLIAM REEVES *et al.*

*v.*

## ANN REEVES.

1. DECREE FOR DOWER—*construction thereof.* In a proceeding for assignment of dower in certain premises in which the widow was only entitled to dower in the one undivided half thereof, the decree rendered therein directed: "that the said dower * * * * be a lien on the said premises, to wit: on the undivided half of the lands hereinafter described." Upon objection to the decree, that it made the dower a lien on the whole of the premises, it was regarded as not open to such objection.

2. CHANGE OF VENUE—*prejudice of the judge.* A party made application in the circuit court for a change of venue, on the ground of the prejudice of the judge, which was refused. It appeared the cause had been previously before this court, and remanded to the court below with direction that it enter a specific decree: *Held,* the court properly refused the application, as it was hardly supposable that any degree of prejudice could interfere to prevent the circuit judge from correcting the decree according to the direction of this court.

3. And besides, the petition was insufficient, in that it failed to state the cause for which the change was asked had arisen or come to the knowledge of the applicant, subsequent to the term at which the application might have been made.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. SNYDER, KASE & WILDERMAN, for the appellants.

Messrs. T. & L. KRAFFT, for the appellee.

Per CURIAM : This cause was before this court at the June term, 1870, upon an appeal taken by the same appellants. Several errors were assigned, and the questions arising upon them fully discussed by counsel. This court, upon that appeal, sustained the right of the appellee to the relief sought by her bill, but reversed the decree of the court below, because it made appellee's dower a lien on all of the premises instead of upon an undivided half; and also because the decree was defective in not determining by whom the rents and profits were to be paid.

The decree was reversed and the cause remanded, in order that the decree might be corrected in these particulars. The cause coming before the circuit court on such reversal, appellants made an application for change of venue in the cause, on account of the prejudice of the judge, which was overruled. The former decree was then corrected in conformity with the decision of this court, and the cause brought here again by appeal.

Appellants now insist that by the amended decree the dower is made a lien upon the whole premises. The language of the decree is, "that the said dower of said Ann Reeves be a lien on the said premises, to wit: on the undivided half of the said lands hereinafter described." They also claim that the seizin of John Reeves, the intestate, was not shown. William Reeves expressly admits in his answer the seizin of John Reeves, as alleged in the bill of complaint, and the other appellants, as well as William, claim under John Reeves; besides, his seizin in law was established by the evidence.

There is nothing in any of these objections, nor in the point that the court erred in overruling the application to change the venue. It is hardly supposable that any degree of prejudice could interfere to prevent the circuit judge from correcting the decree according to the direction of this court. But conceding that it might, and that appellants had the right in this stage of the case to make the application, yet their petition is insufficient, because it does not state that the cause for which the change was asked had arisen, or come to their knowledge, subsequent to the term at which the application might have been made.

The decree must be affirmed.

*Decree affirmed.*